UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>JOHN TAPINIS & ASSOCIATES LTD dba ABOUT PROFIT; JOHN TAPINIS, individually; and JOHN TAPINIS & ASSOCIATES RETIREMENT PLAN,<br><br>Defendants. | Civil File No. 1:26-cv-02553<br><br>**COMPLAINT** |

Plaintiff Keith E. Sonderling, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

**PRELIMINARY STATEMENT**

1. The Secretary brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA), as amended, 29 U.S.C. § 1001, *et seq.*, against John Tapinis & Associates LTD dba About Profit (the "Company") and John Tapinis (along with the Company, the "Fiduciary Defendants") seeking restitution and other appropriate relief for harms suffered by the John Tapinis & Associates Retirement Plan, a defined contribution retirement plan (the "Plan").

2. Beginning in approximately 2022 (the "Time Period"), Fiduciary Defendants consistently withheld from employee paychecks money intended to fund the Plan, but the Company did not consistently forward this money to the Plan's accounts.

3. Beginning in approximately 2023, Fiduciary Defendants also failed to collect employer matching contributions owed to the Plan.

4. Fiduciary Defendants have also failed to complete basic fiduciary obligations, such as obtaining a fidelity bond and filing required annual reports.

5. By the actions and omissions specified above, the Company and Tapinis breached their duties of exclusive purpose, prudence, and loyalty, caused the Plan to enter into non-exempt prohibited transactions, and engaged in self-dealing.

6. Because of these breaches, the Plan and their participants and beneficiaries have suffered losses, including lost opportunity costs, for which the Company and Tapinis are liable.

## JURISDICTION AND VENUE

7. The Secretary brings this action under ERISA §§ 409, 502(a)(2), and 502(a)(5), 29 U.S.C. §§ 1109, 1132(a)(2), and 1132(a)(5), to redress violations and enforce Title I of ERISA.

8. This Court has general federal subject matter jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

9. Venue with respect to this action lies in the United States District Court for the Eastern District of New York, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b)(2), because the Company and Tapinis committed many of the ERISA violations in Staten Island, New York, within this district.

10. In addition, Tapinis lives or recently lived in Staten Island, New York, within this district.

**PARTIES**

11. Plaintiff the Secretary has authority to enforce Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries who breach their duties under Title I of ERISA, 29 U.S.C. § 1132(a)(2), (5).

12. At all times relevant to the Complaint, Defendant the Company has been the sponsor and administrator of the Plan. The Company has had discretionary authority to administer and manage the Plan and therefore is a fiduciary under ERISA § 3(21)(A). 29 U.S.C. § 1002(21)(A).

13. Defendant the Company has also been a party-in-interest to the Plan, at all times relevant to the complaint, because it has been a fiduciary to the Plan, and because it has been the employer of participants in the Plan. *See* ERISA § 3(14)(A), (C); 29 U.S.C. § 1002(14)(A), (C).

14. Defendant Tapinis has been the Company's sole owner.

15. Tapinis has been the Plan's trustee.

16. Tapinis has signed Form 5500's on behalf of the Plan.

17. Tapinis has signed amendments to the Plan committing to making employer matching contributions, thus making the Plan a safe harbor matching contribution plan.

18. Tapinis has exercised authority or control respecting management or disposition of Plan assets and has had discretionary authority or responsibility over Plan administration.

19. Tapinis is therefore a Plan fiduciary under ERISA § 3(21)(A). 29 U.S.C. § 1002(21)(A).

20. The Plan is an ERISA-covered defined contribution pension plan. *See* ERISA §§ 3(3), 3(34), and 4(a)(1). 29 U.S.C. §§ 1002(3), (34) & 1003(a)(1). The Plan is joined as a defendant

pursuant to Rule 19 of the Federal Rules of Civil Procedure to assure that complete relief can be granted.

## FACTUAL ALLEGATIONS

21.     The Company is an accounting firm that was located in Staten Island, New York from its founding in 2020 until some point between September 2023 and October 2025.

22.     The Company is the sponsor of the Plan

23.     Employees have contributed to the Plan via biweekly payroll deductions, with the Company promising that it would provide matching contributions.

**Fiduciary Defendants Have Routinely Failed to Remit Employee Contributions to the Plan**

24.     During the Time Period, the Company consistently deducted employee contributions to the Plan from employees' biweekly pay.

25.     During the Time Period, the Company and Tapinis were responsible for remitting employee contributions to the Plan's accounts.

26.     During the Time Period, the Company and Tapinis failed to remit many employee contributions to the Plan.

27.     These unremitted employee contributions to the Plan were kept in the Company's general operating account and the Company was able to use them for its day-to-day operations or to pay creditors.

**Fiduciary Defendants Have Routinely Failed to Collect Employer Matching Contributions**

28.     During the Time Period, the Company promised to make required employer matching contributions to the Plan.

29.     Beginning in roughly 2023, the Company failed to make required matching employer contributions to the Plan. To date, the Company and Tapinis have failed to collect these matches.

30.     Tapinis has known of the Company's ERISA violations, yet never contacted the Department of Labor about them.

31.     Tapinis did not investigate whether contributions could be collected by filing suit or taking other action, did not contact all participants to explain that their matching contributions were being collected in an untimely manner or not at all, and failed to make any reasonable efforts to remedy the ERISA violations.

**Fiduciary Defendants Have Failed to Perform Other Basic Fiduciary Obligations with Respect to the Plan**

32.     Tapinis and the Company have never obtained a fidelity bond for the Plan.

33.     For the year 2023, Tapinis and the Company did not file a Form 5500, or any other annual report. Indeed, they repeatedly ignored the third party administrator's attempts to collect information needed to file Form 5500, and ignored the third party administrator's reminders that they were legally obligated to file the form.

34.     After the Plan's third party administrator resigned in September 2024, Tapinis and the Company failed to hire a new administrator, and generally failed to administer the Plan themselves.

**FIRST CLAIM FOR RELIEF**
**(Against the Company and Tapinis for Breaches of the Exclusive Purpose Requirement)**

35.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference all prior paragraphs.

36. ERISA § 403(c)(1) requires that plan assets be held for the exclusive purposes of providing benefits to plan participants and defraying reasonable plan administration expenses. It specifically forbids holding plan assets for any employer's benefit. 29 U.S.C. § 1103(c)(1).

37. Withheld contributions become Plan assets as soon as they can reasonably be segregated them from the Company's general assets, and at most 15 days after the end of the month in which they would have been payable to the employee. 29 C.F.R. § 2510.3-102(a)(1), (b)(2).

38. The Company and Tapinis failed to remit contributions long after they could have reasonably segregated those funds from the Company's general assets.

39. By their actions and omissions, Fiduciary Defendants

   a. allowed the Plan's assets to be held outside the Plan for extended periods, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

   b. caused harm to the Plan's participants and beneficiaries for which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(5), 29 U.S.C. §§ 1109, 1132(a)(2), & 1132(a)(5).

## SECOND CLAIM FOR RELIEF
**(Against the Company and Tapinis for Breaches of Fiduciary Duties for Failing to Remit Employee Contributions)**

40. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations of all prior paragraphs.

41. As Plan fiduciaries, the Company and Tapinis have had a duty under ERISA § 404(a)(1)(A)-(B) to act prudently and loyally in the sole interest of Plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1)(A)-(B).

42. The Company and Tapinis have not promptly segregated and remitted Employee Contributions to the Plan.

43. Instead, the Company and Tapinis have allowed the Plan's assets to remain in the general operating account, where the Company could access them for impermissible purposes such as paying everyday business expenses.

44. Diversion of employee contributions to the Company's general operating account was imprudent and disloyal because it was not in the interest of the Plan's participants or beneficiaries.

45. A prudent person acting in a fiduciary capacity in similar circumstances to those faced by the Company and Tapinis during the Time Period would promptly segregate and remit employee contributions to the Plan and monitor accounts to ensure that the Company did not convert the Plan's assets to its own use.

46. By their actions or omissions, the Company and Tapinis have:

a. failed to discharge their duties to the Plan solely in the interest of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Plan administration expenses, in violation of ERISA § 404(a)(1)(A); and

b. failed to act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B). 29 U.S.C. § 1104(a)(1)(A)-(B).

c. caused harm to the Plan's participants and beneficiaries for which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(5), 29 U.S.C. §§ 1109, 1132(a)(2), & 1132(a)(5).

**THIRD CLAIM FOR RELIEF**
**(Against the Company and Tapinis for Breaches of Fiduciary Duties for Failing to Perform Basic Fiduciary Obligations)**

47. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations of all prior paragraphs.

48. The Company and Tapinis have not obtained a fidelity bond for the Plan, in violation of 29 U.S.C. § 1102(a)(b).

49. The Company and Tapinis have not filed an annual report for the Plan for 2023, in violation of 29 U.S.C. §§ 1021, 1024(a).

50. A prudent person acting in a fiduciary capacity in similar circumstances to those faced by the Company and Tapinis during the Time Period would promptly segregate and remit employee contributions to the Plan and monitor accounts to ensure that the Company did not convert the Plan's assets to its own use.

51. By their actions or omissions, the Company and Tapinis have failed to act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B). 29 U.S.C. § 1104(a)(1)(A)-(B).

**FOURTH CLAIM FOR RELIEF**
**(Against the Company and Tapinis for Breaches of Fiduciary Duties for Failing to Take Steps to Collect Employer Contributions)**

52. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

53. As fiduciaries to the Plan, the Company and Tapinis had a duty under ERISA § 404(a)(1)(A)-(B) to act prudently and loyally in the sole interest of Plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1)(A)-(B).

54. Beginning in 2023 and continuing through to the present, the Company and Tapinis have failed to take any steps to ensure that the Plan received the employer contributions owed to employees.

55. Failure to take any reasonable steps to ensure that the Plan received the owed employer contributions was imprudent and disloyal because it was not in the interest of the Plan's participants or beneficiaries.

56. A prudent person acting in a fiduciary capacity in similar circumstances to those faced by the Company and Tapinis during the Time Period would act to ensure that the Plan received all employer contributions to which it was entitled.

57. By their actions and omissions, the Company and Tapinis:

a. failed to discharge their duties to the Plan solely in the interests of the Plan's participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable administration expenses, in violation of ERISA § 404(a)(1)(A);

b. failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(A)-(B);

c. caused harm to the Plan's participants and beneficiaries for which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(5), 29 U.S.C. §§ 1109, 1132(a)(2), & 1132(a)(5).

**FIFTH CLAIM FOR RELIEF**
**(Against the Company and Tapinis for Prohibited Transactions)**

58.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations of all prior paragraphs.

59.     ERISA § 406(a)(1)(D) prohibits the Company and Tapinis, as Plan fiduciaries, from transferring Plan assets to a "party in interest." 29 U.S.C. § 1106(a)(1)(D).

60.     The Company was a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14).

61.     During the Time Period, the Company and Tapinis failed to segregate and remit employee contributions and allowed the Company to commingle the Plan's assets with general employer assets.

62.     By their actions and omissions, the Company and Tapinis:

  a.  caused the Plan to enter into transactions that they knew or should have known constituted prohibited transfers of the Plan's assets to a party in interest in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

  b.  caused harm to the Plan's participants and beneficiaries for which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(5), 29 U.S.C. §§ 1109, 1132(a)(2), & 1132(a)(5).

**SIXTH CLAIM FOR RELIEF**
**(Against the Company and Tapinis for Self-Dealing)**

63.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

64.     ERISA § 406(b)(1) prohibits the Company and Tapinis, as Plan fiduciaries, from dealing with Plan assets in their "own interest" or for their "own account." 29 U.S.C. § 1106(b)(1).

65. ERISA § 406(b)(2) prohibits the Company and Tapinis, as Plan fiduciaries, from acting in any transaction involving the Plan on behalf of a party whose interests are adverse to the interests of the Plan or its participants and beneficiaries. 29 U.S.C. § 1106(b)(2).

66. The Company and Tapinis allowed Plan assets to languish in the Company's general operating account, which benefited the Company's business interests, and therefore also benefited Tapinis as the sole owner of the Company, and at the expense of the Plan and its participants, who thought their Contributions were funding retirement accounts.

67. By their actions and omissions, the Company and Tapinis

   a. engaged in prohibited self-dealing in violation of ERISA § 404(b)(1) and (2), 29 U.S.C. § 1106(b)(1)-(2);

   b. caused harm to the Plan's participants and beneficiaries for which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(5), 29 U.S.C. §§ 1109, 1132(a)(2), & 1132(a)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, the Secretary requests that the Court:

1. Order that the Company and Tapinis be jointly and severally liable to restore all losses, plus interest and/or lost opportunity earnings, incurred by the Plan as a result of their violations of ERISA;

2. Order that any monies currently in Tapinis's account in the Plan be used to satisfy in part his obligation to restore the unremitted employee and employer contributions pursuant to ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4).

3. Provide such other appropriate relief as is equitable and just.

DATED:     April 29, 2026
           New York, New York

JONATHAN BERRY
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

/s/ Jacob Heyman-Kantor
JACOB HEYMAN-KANTOR
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014
Tel: 646.264.3672
Heymankantor.jacob@dol.gov
NY-SOL-ECF@dol.gov

*Attorneys for Plaintiff*